UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00595-GNS

ALVENA J. SMITH                  PLAINTIFF

v.

SPALDING UNIVERSITY, et al.          DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 15). This motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **GRANTED**.

### I. BACKGROUND

This action is brought to recover for damages allegedly sustained by Plaintiff Alvena J. Smith ("Smith") as a result of being denied admission to masters in social work program at Defendant Spalding University ("Spalding") based upon her race and gender under Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. §§ 2000d to 2000d-7, and Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681-1688. (Compl. 2, DN 1). Spalding filed a complaint with the United States Department of Education Office for Civil Rights ("OCR") on April 27, 2015. (Compl. DN 4). She subsequently filed this action Court on June 18, 2015. Defendants Kevin Borders, Tori Murden McClure, Jennifer Jewell, Erlene Grese-Owens, Shannon Cambron (collectively the "Individual Defendants") and Spalding have moved to dismiss all claims asserted against them. (Defs.' Mem. in Supp. of Mot. to Dismiss, DN 15-1 [hereinafter Defs.' Mot.]).

## II.     JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331 as this matter arises under the laws of the United States.

## III.     STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id*. (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. (internal quotation marks omitted) (citations omitted). *Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Court need not, however, abrogate the basic pleading standards of a motion to dismiss when considering a *pro se* pleading. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## IV.     DISCUSSION

### A.     Claims Against Individual Defendants

First, Defendants argue that the claims against the Individual Defendants must be dismissed because both Title VI and Title IX actions can only be brought against federally funded institutions, rather than against individual employees of those institutions. (Defs.' Mot. 5). To maintain a private right of action under Title VI, Smith must first prove the threshold requirement that Spalding receives federal funding. *See* 42 U.S.C. § 2000d; *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1356 (6th Cir. 1996). While Spalding does not dispute it meets this requirement, Defendants maintain that the Individual Defendants do not meet this requirement. (Def.'s Mot. 5).

The Sixth Circuit has held that individual defendants cannot be sued under Title VI. *See Buchanan*, 99 F.3d at 1356 (finding that claims against individual defendants who worked for the institution must be dismissed as they could not be considered an entity receiving federal funds under Title VI). The Sixth Circuit has also held that Title IX claims are to be applied and interpreted in the same fashion as Title VI claims. *See Horner v. Ky. High Sch. Athletic Assoc.*, 206 F.3d 685, 692-93 (6th Cir. 2000). Thus, it follows that Smith's claims against the individual Defendants under Title IX must also be dismissed. This Court's holding is consistent with the majority of courts which find that like Title VI, individual defendants cannot be sued under Title IX. *See Tesoriero v. Syosset Cent. Sch. Dist.*, 382 F. Supp. 2d 387, 396 (E.D.N.Y. 2005) (citation omitted); *Kinman v. Omaha Pub. Sch. Dist.*, 171 F.3d 607, 611 (8th Cir. 1999); *Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1019-20 (7th Cir. 1997); *Lipsett v. Univ. of P.R.*, 864 F.2d 881, 901 (1st Cir. 1988); *Petrone v. Cleveland State Univ.*, 993 F. Supp. 1119, 1125 (N.D. Ohio 1998). Therefore, Defendants' motion will be granted on this basis.

### B. Applicable Statute of Limitations

In addition, Defendants argue that Smith's claims are barred by the applicable statute of limitations. (Defs' Mot. 6). The Sixth Circuit has held that neither Title IX nor Title VI claims have their own limitations period. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728-29 (6th Cir. 1996). Instead, the Court must look to the applicable state law statute of limitations for personal injury actions, which in Kentucky is one-year. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 181-82 (6th Cir. 1990) (citing KRS 413.140(1)(a)).

In this case, the denial of Smith's application to Spalding's master's degree program occurred on June 19, 2013. (Compl. 3). Smith did not file her claim until July 8, 2015—long after the one-year statute of limitations expired. While Smith claims that equitable tolling applies because she sought administrative remedies through Spalding, the Sixth Circuit has held that plaintiffs are not required to seek administrative remedies before bringing an action under Title IX and therefore the statute of limitations is not tolled. *See Simmons v. Middle Tenn. State Univ.*, No. 95-6111, 1997 WL 400105, at *2-3 (6th Cir. July 11, 1997). Similarly, seeking administrative remedies through the OCR does not in itself implicate the application of equitable tolling. *See id.* Thus, Smith's claims are barred by the statute of limitations and will be dismissed.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 15) is **GRANTED.**

July 8, 2016

**Greg N. Stivers, Judge
United States District Court**

cc: Plaintiff, *pro se*
    counsel of record